UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Miles Frederick, # 22404-171, | ) | C/A No. 5:13-2647-JMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Warden, USP Atlanta, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se and proceeding *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Miles Frederick ("Petitioner") is serving a 15-year sentence imposed in this district on May 7, 2012 following a guilty plea to one count of conspiracy to distribute cocaine and marijuana. *See United States v. Frederick*, Criminal Action No. 6:11-cr-00338-JMC-8 (ECF No. 1225). The only post-conviction motion that Petitioner has filed in his criminal case was an unsuccessful Motion to Reduce Sentence that was denied on October 22, 2013. *Id.* (ECF No. 1583). No § 2255 motion was filed within the one-year limitation period since Petitioner's conviction became final.

Petitioner was incarcerated at USP-Atlanta in Atlanta, Georgia at the time the § 2241 Petition

under review was filed in this case, and, according to the Federal Bureau of Prisons ("BOP") website, he is still incarcerated at the same prison, which is located in the Northern District of Georgia. *See* Federal Bureau of Prisons, http://www.bop.gov/locations/institutions/atl/ (last visited Apr. 4, 2014). *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

In the § 2241 Petition under review, Petitioner asks this court to direct the BOP to grant him additional sentence credit for nearly "2 years, 3 months, 21 days" of "detention" during which he was required to wear an ankle bracelet pending his federal sentencing. Pet. 2, ECF No. 1. He asks this court to direct the BOP to adjust his sentence "accordingly" by granting him the additional credits he seeks for the period "between January 4, 2010 and April 25, 2012." *Id.*

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally.  Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007).  When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be transferred pursuant to 28 U.S.C. § 1631 because Petitioner filed it in the wrong court. Even though he was convicted and sentenced in this court, Petitioner and his custodian, the Warden of USP Atlanta, are physically located in a different federal judicial district. As a result, this court is unable to obtain personal jurisdiction over Petitioner's custodian and, thus, Petitioner cannot litigate his

sentencing-credit claim through a § 2241 Petition in this court.[1]

It is well settled that, a habeas corpus petition, whether filed by a state or federal prisoner, must be filed in the judicial district that can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfield v. Padilla*, 542 U.S. 426, 446-47 (2004); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494-500 (1973); *Kanai v. McHugh*, 638 F. 3d 251, 255-56 (4th Cir. 2011). Because this court, a federal court within the state of South Carolina, cannot obtain *in personam* jurisdiction over Petitioner's custodian, the Warden of USP Atlanta, who is in the Northern District of Georgia, the Petition should be summarily dismissed without consideration of its merits because it was filed in the wrong court. *See Norris v. Georgia*, 522 F.2d 1006, 1010-14 (4th Cir. 1975) ("[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"); *see Smith v. Owen*, No. 0:09–2310–JFA, 2011 WL 743094 (D.S.C. Jan. 21, 2011)("[T]he issue raised in the instant § 2241 Petition cannot be addressed by this court, as the court does not have personal jurisdiction over the custodian who can provide [the petitioner] the relief he seeks"); *Anderson v. Drew*, No. 8:08–3197–HFF, 2009 WL 1458214 (D.S.C. May 21, 2009) ("[T]he Court is of the opinion that it is unable to adjudicate Petitioner's claim" because "the Court would not have personal jurisdiction over the warden at FCI Coleman to enforce its order.").

---

[1] Even though Petitioner listed "United States of America" as the sole Respondent on the caption of his Petition, the correct Respondent in this case is his "true" custodian: the Warden of USP Atlanta, and the docket of this case was corrected to show the correct Respondent. *See Rumsfield v. Padilla*, 542 U.S. 426, 446-47 (2004).

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be transferred to the United States District Court for the Northern District of Georgia for further proceedings.

IT IS SO RECOMMENDED.

April 7, 2014                                          Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).