IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Miles Frederick, | ) | |
| | ) | Civil Action No. 5:13-cv-02647-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden USP Atlanta, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Miles Frederick ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On April 7, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court transfer the Petition to the United States District Court for the Northern District of Georgia. (ECF No. 16.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **TRANSFERS** Petitioner's Petition for Writ of Habeas Corpus to the United States District Court for the Northern District of Georgia.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts are discussed in the Report. (*See* ECF No. 16.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis.

Petitioner is serving a 15-year sentence following a guilty plea before this court on one count of conspiracy to distribute cocaine and marijuana. (ECF No. 16 at 1, *see also* Criminal Action No. 6:11-cr-00338-JMC-8, ECF No. 1225.) Petitioner is currently, and was at the time of

1

filing the Petition on September 27, 2013, incarcerated at the United States Penitentiary-Atlanta ("USP-Atlanta") in Atlanta, Georgia.  (*See* ECF No. 1, *see also* Federal Bureau of Prisons, http://www.bop.gov/inmateloc/ (search for BOP Register Number 22404-171, last visited October 28, 2014).)  USP-Atlanta is located in the Northern District of Georgia.  *See* Federal Bureau of Prisons, http://www.bop.gov/locations/institutions/atl/ (last visited October 28, 2014).

The Magistrate Judge issued the Report on April 7, 2014, recommending the court transfer the Petition to the Northern District of Georgia.  (ECF No. 16.)  The Magistrate Judge found that because a habeas petition "must be filed in the judicial district that can acquire *in personam* jurisdiction of a petitioner's warden or other custodian," Petitioner's Petition was filed in the wrong court.  (ECF No. 16 at 4, citing *Rumsfeld v. Padilla,* 542 U.S. 426, 446-47 (2004).)

Petitioner filed a Notice of Concern/"Letter Motion" on May 22, 2014, indicating he wishes to proceed with his Petition in the Northern District of Georgia, and attached a letter from the Clerk of Court for the Northern District of Georgia indicating Petitioner's letter and motion to that court had been returned as the case had not yet been transferred.  (ECF No. 21.)  Petitioner filed an identical letter, with the attachment, on June 2, 2014.  (ECF No. 22.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  See 28 U.S.C. § 636 (b)(1).

Under 28 U.S.C. § 1631, when a civil action is filed with a court "and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Petitioner did not file a formal objection to the Magistrate Judge's Report, and his "Letter Motion" indicates he wishes to proceed in the proper jurisdiction.  There is no indication that Petitioner's filing in this court was anything other than an honest mistake.  As such, it is in the interest of justice to transfer the Petition to the Northern District of Georgia.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 16).  It is therefore ordered that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **TRANSFERRED** to the Northern District of Georgia.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 29, 2014
Columbia, South Carolina